UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Holly Heflin,<br><br>            Plaintiff,<br>v.<br><br>Asset Maximization Group, Inc.,<br><br>            Defendant. | Civil Action No.: 4:17-cv-129<br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, Plaintiff, Holly Heflin, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Holly Heflin ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Asset Maximization Group, Inc. ("Asset"), is a New York business entity with an address of 26-012 Borough Place 6, Woodside, New York 11377, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

5. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to Asset for collection, or Asset was employed by the Creditor to collect the Debt.

8. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.** **Asset Engages in Harassment and Abusive Tactics**

9. In or around May 2016, Asset contacted Plaintiff's father in an attempt to collect the Debt from Plaintiff.

10. Plaintiff's father did not co-sign for the Debt and is not responsible for its repayment.

11. Asset left a voicemail message on Plaintiff's father's phone in which it disclosed that it was calling about the Debt.

12. This disclosure caused Plaintiff to suffer a great deal of stress and embarrassment.

**C.** **Plaintiff Suffered Actual Damages**

13. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

14. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant's conduct violated 15 U.S.C. § 1692b in that Defendant communicated with Plaintiff's father for a purpose other than to confirm or correct location information.

17. Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with Plaintiff's father regarding the Debt.

18. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to the Debt.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

21. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 17, 2017

        Respectfully submitted,

        By:  /s/ Jenny DeFrancisco

        Jenny DeFrancisco, Esq.
        CT Bar No.: 432383
        LEMBERG LAW LLC
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424